FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 1 0 2002

*R*utmmach
CLERK

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL NO. 02-1386-WJ |
| ) | |
| vs. ) | COUNTS I, II, III, and IV: 18 U.S.C. |
| ) | § 1170; 25 U.S.C. §§ 3001(3)(C) and |
| THOMAS CAVALIERE, ) | 3002(c): Native American Graves |
| ) | Protection and Repatriation Act |
| Defendant. ) | (Misdemeanor Counts). |
| ) | |
| ) | COUNTS V, VI, VII, and VIII: |
| ) | 16 U.S.C. §§ 703 and 707(b)(2): |
| | Migratory Bird Treaty Act (Felony Counts). |

## INFORMATION

### COUNT I

On or about the 14th day of January, 2000, in Santa Fe, Santa Fe County, in the State and District of New Mexico, the Defendant, **THOMAS CAVALIERE**, did knowingly purchase, use for profit, and transport for sale and profit a Native American cultural item, sacred item, and cultural patrimony obtained in violation of the Native American Graves Protection and Repatriation Act, to wit: a Santo Domingo parfleche, said item being an inalienable sacred object needed by Santo Domingo Native American religious leaders for the practice of a traditional Native American religion, and the inalienable object having ongoing historical, traditional and cultural importance central to the Santo Domingo Native American culture.

In violation of 18 U.S.C. § 1170; 25 U.S.C. § 3001(3)(C) and (D) and 25 U.S.C. §

1

3002(c).

## COUNT II

On or about June 2, 1999, in Albuquerque, Bernalillo County, in the State and District of New Mexico, the Defendant, **THOMAS CAVALIERE**, did knowingly sell, purchase, use for profit, and transport for sale and profit a Native American cultural item, sacred item, and cultural patrimony obtained in violation of the Native American Graves Protection and Repatriation Act, to wit: a Jemez tablita, said item being an inalienable sacred object needed by Jemez Pueblo Native American religious leaders for the practice of a traditional Native American religion, and the inalienable object having ongoing historical, traditional and cultural importance central to the Jemez Pueblo Native American culture.

In violation of 18 U.S.C. § 1170; 25 U.S.C. § 3001(3)(C) and (D) and 25 U.S.C. § 3002(c).

## COUNT III

On or about July 9, 1999, in Albuquerque, Bernalillo County, in the State and District of Mexico, the Defendant, **THOMAS CAVALIERE**, did sell, purchase, use for profit, and transport for sale and profit a Native American cultural item, sacred item, and cultural patrimony obtained in violation of the Native American Graves Protection and Repatriation Act, to wit: a Jemez tablita, said item being an inalienable sacred object needed by Jemez Pueblo Native American religious leaders for the practice of a traditional Native American religion, and the inalienable object having ongoing historical, traditional and cultural importance central to the Jemez Pueblo Native American culture.

In violation of 18 U.S.C. § 1170; 25 U.S.C. § 3001(3)(C) and (D) and 25 U.S.C. § 3002(c).

## COUNT IV

On or about October 28, 1999 in Santa Fe, Santa Fe County, in the State and District of New Mexico, the Defendant, **THOMAS CAVALIERE**, did knowingly sell, purchase, use for profit, and transport for sale and profit a Native American cultural item, sacred item, and cultural patrimony obtained in violation of the Native American Graves Protection and Repatriation Act, to wit: a Jemez altar piece, said item being an inalienable sacred object needed by Jemez Pueblo Native American religious leaders for the practice of a traditional Native American religion, and the inalienable object having ongoing historical, traditional and cultural importance central to the Jemez Pueblo Native American culture.

In violation of 18 U.S.C. § 1170; 25 U.S.C. § 3001(3)(C) and (D) and 25 U.S.C. § 3002(c).

## COUNT V

On or about October 28, 1999, in Santa Fe, Santa Fe County, in the State and District of New Mexico, the Defendant, **THOMAS CAVALIERE**, did knowingly and unlawfully, without permission, offer to sell a Santo Domingo hair tie which included the feathers of birds protected by the Migratory Bird Treaty Act, to wit, the feathers of the Golden Eagle (Aquila chrysaetos).

In violation of 16 U.S.C. § 703 and 16 U.S.C. § 707(b)(2).

## COUNT VI

On or about October 29, 1999, in Santa Fe, Santa Fe County, in the State and District of New Mexico, the Defendant, **THOMAS CAVALIERE**, did knowingly and unlawfully, without permission, offer to sell a Jemez "First Kachina" which included the feather of birds protected by the Migratory Bird Treaty Act, to wit: the feather of a Golden Eagle (Aquila chrysaetos).

In violation of 16 U.S.C. § 703 and 16 U.S.C. § 707(b)(2).

## COUNT VII

On or about November 30, 1999, in Santa Fe, Santa Fe County, in the State and District of New Mexico, the Defendant, **THOMAS CAVALIERE**, did knowingly and unlawfully, without permission, offer to sell and sold, a Jemez hair tie which included the feathers of birds protected by the Migratory Bird Treaty Act, to wit: the feathers of a Red-Tail Hawk (Buteo jamaicensis).

In violation of 16 U.S.C. § 703 and 16 U.S.C. § 707(b)(2).

## COUNT VIII

On or about November 30, 1999, in Santa Fe, in Santa Fe County, in the State and District of New Mexico, the Defendant, **THOMAS CAVALIERE**, did knowingly and unlawfully, without permission, offer to sell, and sell, a Jemez hair tie which included the feathers of birds protected by the Migratory Bird Treaty Act, to wit, the feathers of an immature Red Tail Hawk (Buteo jamaicensis).

In violation of 16 U.S.C. § 703 and 16 U.S.C. § 707(b)(2).

DAVID C. IGLESIAS
UNITED STATES ATTORNEY

_____
MARY CATHERINE MCCULLOCH
Assistant United States Attorney