FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 1 0 2002

Robert M. March
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THOMAS CAVALIERE, ) <br> ) <br> Defendant. ) | CRIMINAL NO. 02-1386-WJ |

## PLEA AGREEMENT

Pursuant to Rule 11(e)(2), Fed. R. Crim. P., the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, THOMAS CAVALIERE, and the defendant's counsel, Tova Indritz.

## REPRESENTATION BY COUNSEL

1. The defendant understands his right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with his attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

2. The defendant further understands his rights:

    a. to be charged and prosecuted by indictment;

    b. to plead not guilty;

    c. to have a trial by jury;

    d. to confront and cross-examine witnesses and to call witnesses in his defense;



e. against compelled self-incrimination; and

  f. the right to limit restitution to the count of conviction.

## **WAIVER OF RIGHTS AND PLEA OF GUILTY**

3. The defendant hereby agrees to waive these rights and to plead guilty to an eight-count information charging violations of 18 U.S.C. § 1170; 25 U.S.C. §§ 3001(3)(c) and 3002(c), that being the Native American Graves Protection and Repatriation Act (misdemeanor counts); and 16 U.S.C. §§ 703 and 707(b)(2), that being Migratory Bird Treaty Act (felony counts).

## **SENTENCING**

4. The defendant understands that the maximum penalty the Court can impose is:

  a. imprisonment for a period of not more than two (2) years;

  b. a fine not to exceed the greater of $2000.00 or twice the pecuniary gain to the defendant or pecuniary loss to the victim;

  c. a term of supervised release of not more than one (1) year that must follow any term of imprisonment. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release.);

  d. a mandatory special penalty assessment of $100.00 per felony count and $25.00 per misdemeanor count; and

  e. restitution as may be ordered by the Court, pursuant to law and paragraph 6 of this agreement.

5. Sentencing is pursuant to the Sentencing Reform Act of 1984, making the sentencing guidelines applicable. The defendant has reviewed the application of the

guidelines with his attorney but understands that no one can predict with certainty what guideline range will be applicable in this case until after a pre-sentence investigation has been completed and the Court has ruled on the results of that investigation. The defendant will not be allowed to withdraw the plea if the applicable guideline range is higher than expected or if the Court departs from the applicable guideline range. **The defendant fully understands that determination of the sentencing range or guideline level, as well as the actual sentence imposed, is solely in the discretion of the Court.**

6. It is expressly understood and agreed by and between the defendant and the United States that:

a. The United States has made, and will make, NO AGREEMENT pursuant to Rule 11(e)(1)(C), Fed. R. Crim. P., that a specific sentence is the appropriate disposition of this case.

b. The United States has made, and will make, NO AGREEMENT to approve, to oppose, or not to oppose pursuant to Rule 11(e)(1)(B), Fed. R. Crim. P., any request made by the defendant or on behalf of the defendant for a particular sentence in this case.

c. The United States hereby expressly reserves the right to make known to the United States Probation Office, for inclusion in the pre-sentence report prepared pursuant to Rule 32(c)(2), Fed. R. Crim. P., any information that the United States believes may be helpful to the Court.

d. The defendant agrees and acknowledges, pursuant to law, including 18 U.S.C. § 3663(a)(3), that the court is not limited to ordering restitution only to the amount of the particular offense to which the defendant is entering a plea of guilty, but may order restitution to include all amounts resulting from all of the defendant's criminal behavior related to this case.

## **STIPULATIONS**

7. The United States and the defendant stipulate as follows:

a. Pursuant to U.S.S.G. § 3E1.1, the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. Consequently, the defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines. This reduction is contingent upon the defendant providing an appropriate oral or written statement to the United States Probation officer who prepares the pre-sentence report in this case in which the defendant clearly establishes his entitlement to this reduction.

b. The United States and the defendant stipulate that the amount of loss attributable to his conduct in this case is approximately $19,500.00.

8. The United States and the defendant understand that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the pre-sentence report. The defendant understands and agrees that if the Court does not accept any one or more of the above stipulations, the defendant hereby waives the right to appeal the Court's rejection of such stipulations.

## DEFENDANT'S ADDITIONAL OBLIGATIONS

9. The defendant understands his obligation to provide the United States Probation Office with truthful, accurate, and complete information. The defendant hereby represents that he has complied with and will continue to comply with this obligation.

## WAIVER OF APPEAL RIGHTS

10. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed.

    a    Acknowledging that, the defendant knowingly waives the right to appeal any sentence within the guideline range applicable to the statutes of conviction as determined by the court after resolution of any objections by either party to the pre-sentence report to be prepared in this case, and the defendant specifically agrees not to appeal the determination of the court in resolving any contested sentencing factor. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, that the court may depart upwards from the applicable sentencing guideline range as determined by the court. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except to the extent, if any, that the court may depart upwards from the applicable sentencing guideline range.

## GOVERNMENT'S AGREEMENT

11. Provided that the defendant fulfills his obligations as set out above, the United States agrees that:

a. The United States will not bring additional criminal charges against the defendant arising out of the defendant's conduct now known to the United States Attorney's Office for the District of New Mexico.

12. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

13. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence the Court will impose.

## VIOLATION OF PLEA AGREEMENT

14. The defendant understands and agrees that if he violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the indictment filed in this case, as well as perjury, false statement, and obstruction of justice.

## SPECIAL ASSESSMENT

15. At the time of execution of this plea agreement, the defendant will tender to the United States Attorney's Office a money order or certified check payable to the order of the United States District Court, District of New Mexico, 333 Lomas Blvd.,

N.W., Albuquerque, New Mexico 87102, in the amount of $100.00 in payment of the special penalty assessment described above.

## **ENTIRETY OF AGREEMENT**

16. This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this 10th day of September, 2002.

DAVID C. IGLESIAS
United States Attorney

MARY CATHERINE MCCULLOCH
Assistant United States Attorney
201 Third Street N.W., Suite 900
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

I have read this agreement and carefully reviewed every part of it with my attorney. I understand the agreement and voluntarily sign it.

THOMAS CAVALIERE
Defendant

TOVA INDRITZ
Assistant Federal Public Defender