IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
      Plaintiff

02 DEC -5 PM 1: 16

v.

Criminal No. 02-1386

THOMAS B. CAVALIERE

## MOTION FOR DOWNWARD DEPARTURE, OBJECTIONS AND ADDITIONS TO PRE-SENTENCE REPORT, AND SUBMISSION OF LETTERS OF RECOMMENDATION

Defendant Thomas B. Cavaliere, through counsel Tova Indritz, hereby files his objections and additions to the pre-sentence report, moves the court for a one-level downward departure, and respectfully submits to the Court letters of recommendation, as follows:

A. RELATED CASE

The heading before ¶4 in the pre-sentence report refers to the case of Joshua Baer, Criminal case 01-01428 JC; this is a related case, but not a "co-conspirator". It is properly brought to the attention of the sentencing court in Mr. Cavaliere's case, The Honorable William P. Johnson, that Mr. Baer plead guilty to 9 of 17 counts in an indictment, but ¶4 omits to mention other important information, as follows:

1. Both defendants, Baer and Cavaliere, entered guilty pleas on the same day, in cases where the government was represented by the same Assistant U.S. Attorney and the same law enforcement agents were involved.

2. Mr. Baer's crime was more serious than Mr. Cavaliere's crime, insofar as it involved items of much greater value. The transcript of the Baer plea hearing before Judge John E. Conway, lodged as an unnumbered item on the docket sheet of the Baer case and appended hereto as Defendant's Exhibit



A, shows that, for example, one item, "Cheyenne headdress" had "60 or 80 feathers of a golden eagle", Tr. at 10-11.

3.  Therefore Mr. Baer's guidelines, also based on value, are higher than Mr. Cavaliere's. As this report shows, Mr. Cavaliere is at a level 9, and his guidelines are 4 to 10 months and in Zone B. The plea agreement in Mr. Baer's case, docket #62, provides at ¶7b that Mr. Baer's guidelines, taking into account acceptance of responsibility, will be either a level 10 or a level 12, and the parties agree that no other adjustments are appropriate. See also plea transcript at page 7. This level was arrived at based on the value of the items in his case, which have significantly greater value than do the items in Mr. Cavaliere's case. Thus Mr. Baer, who is also in criminal history category I, will definitely be in Zone C, and has guidelines of up to 10-16 months.

4.  Yet Judge Conway stated that he would not sentence Mr. Baer to prison. See transcript at page 20, lines 15-21, and page 21 at lines 9-11, where, after Mr. Baer's counsel stated that the possible sentence would be "between home confinement and 16 months", Judge Conway stated:

> "Well, I'm not going to put him in jail, I can tell you that, unless something shows up in the presentence report, that he's a convicted felon or something. . . . .I'm not going to put him in jail.
> And probably if I can avoid home confinement, I will, . . .
> No, I'm not going to - - - you don't have to worry about it.  When you come back here, I won't put you in jail.  I'm not going to do that."

Mr. Baer will not be sentenced until after Mr. Cavaliere is sentenced; Mr. Baer's sentencing is set for January 14, 2003 (docket entry #63). The transcript of the Baer plea is enclosed here so that Your Honor, in this less-serious companion case, can take into account the sentence Judge Conway is going to impose on a more culpable person in a related case.

B.  LETTERS FROM THE ACOMA PUEBLO

Two letters from the Acoma Pueblo were attached to the addendum to the pre-sentence report, but were not part of the original pre-sentence report. The second letter, from the Acoma

2

Historic Preservation Office, specifically lists six items which the Pueblo claims as theirs.  Assistant U.S. Attorney Mary Kay McCulloch, the prosecutor in this case, at the request of undersigned counsel, contacted the case agent, and on December 4, 2002, advised undersigned counsel that the first listed item (a flat kachina doll) was seized from Joshua Baer and not from Thomas Cavaliere, and that the second listed item (a cylinder style kachina doll) was seized in connection with an unrelated case that involved neither Mr. Baer nor Mr. Cavaliere.

As described below in the motion for downward departure, Mr. Cavaliere immediately and without hesitation has agreed to the re-patriation, without compensation to him, of any items claimed by a Pueblo or Tribe.  Further, Mr. Cavaliere would state that he did not purchase any of these items from an Acoma Pueblo member but only from such public sources as trading posts.

C.  DOWNWARD DEPARTURE

Mr. Cavaliere objects to ¶87's statement that he does not appear to have any circumstances that would take him away from the heartland of cases of similarly situated defendants and therefore the probation office has identified no departure issues.  Mr. Cavaliere moves for a one level downward departure from the probation officer's calculation of a level 9, to a level 8, for a range of 0-6 months, based upon three separate grounds, plus a combination of those three factors.

1.  Post-Offense Rehabilitation

Mr. Cavaliere should receive a downward departure for post-offense rehabilitation and remorse. See United States v. Whitaker, 152 F.3d 1238, 1239 (10th Cir. 1998), United States v. Sally, 116 F.3d 76, 79 (3rd Cir. 1997); United States v. Bradstreet, 207 F.3d 76 (1st Cir. 2000).

The last  offense in this case occurred in January, 2000, almost three years ago.  Mr. Cavaliere has restructured his business practices so as to avoid even skirting the edge of the ambiguous NAGPRA statute and has avoided any items with feathers of any kind, legal or not.  He has not so much as had

3

a traffic ticket in the last three years.  He has demonstrated that he can conduct his art, antique, and collectable business well within the law, the very kind of showing for which others might require a period of supervision.  The addendum to the Pre-sentence Report indicates that this lack of criminal conduct is taken into account in the agreed two points for acceptance of responsibility.  But if Mr. Cavaliere had been charged and plead guilty in February, 2000, he would have gotten the same two points for acceptance.  Instead, the pendency of this matter has hung over him for almost three years, impacting his reputation in the arts and antiques business community.  Despite that cloud, he has restructured his business and continued to earn a living in a wholly law-abiding manner.  It is that subsequent conduct which merits a downward departure.

2.  Aberrant Behavior

An aberrant behavior departure, now provided in ¶5K2.20 but previously allowed under caselaw, is appropriate where there is a short-lived departure from an otherwise law-abiding life, as viewed under the totality of the circumstances.  In  United States v. Tsosie, 14 F.3d 1438, 1441 (10th Cir. 1994), the Tenth Circuit held that "[t]he totality of the circumstances must be viewed to see whether the offense fits within [the defendant's] normal conduct or if it is a complete shock and out of character"; in that case the district court departed from 41 to 51 months down to 4 months to be served in a halfway house.

Not only does Mr. Cavaliere have no prior criminal history, but he has a history of a positive work history of long-term employment in this line of commerce, without violating the law.

The aberrant behavior departure can be given even when there are multiple acts leading up to the commission of the crime, United States v. Grandmaison, 77 F.3d 555 (1st Cir. 1996), citing a Tenth Circuit case, United States v. Pena, 930 F.2d 1486, 1494-95 (10th Cir. 1991), which had granted an 8-level downward departure.  In the Pena case, the defendant's conduct was an aberration

4

from long term employment, with no prior criminal record, and economic support for her family, and the Court viewed the totality of the circumstances.

In Grandmaison the defendant's multiple acts lasted over a period of at least six months, from some unspecified time in 1990 to at least June, 1991, 77 F.3d at 558. The crime need not be a single spontaneous act, id. at 563; the court should look to the totality of the circumstances, including prior good deeds. "That aberrant behavior departures are available to first offenders whose course of criminal conduct involves more than one criminal act is implicit in our holding." Grandmaison at 563. "Any other reading would produce an absurd result." Id. Under the totality of the circumstances test, "when all is said and done, the conduct in question must truly be a short-lived departure from an otherwise law-abiding life." United States v. Colace, 126 F.3d 1229 at 1231 (9th Cir. 1992). See also United States v. Takai, 941 F.2d 738 (9th Cir. 1991) ("acts 'so closely related' that for the purposes of deciding they were aberrant, they constitute a single act", at 743.; Zecevic v. United States Parole Commission, 163 F.3d 731 (2nd Cir. 1998); United States v. Rojas-Millan, 234 F.3d 464 (9th Cir. 2000).

In this regard, defendant Cavaliere asks consideration of the many letters of recommendation on his behalf.

3. Other basis: voluntary consent to re-patriation of substantial items not part of this prosecution.

The Court can depart downward where there is a matter which is otherwise outside the "heartland" of cases, Koon v. United States, 518 U.S. 81 (1996), or is otherwise not taken into account in the Guidelines.

In this case, Mr. Cavaliere, whose business, Thomas B. Cavaliere Art and Antiques, had numerous items seized during this investigation, which items are not part of the prosecution in this case. He has agreed with the government that a few of those items will be returned to him at the close of

5

this case, but that many, many other items not named in the information to which he plead, but which authorities at various Pueblos have indicated are of religious interest to those Pueblos, will be repatriated to those Pueblos.  Some items are apparently being claimed by more than one Pueblo.

This uncompensated repatriation involves a financial loss to Mr. Cavaliere.  However, his practice throughout many years, as referred to in several letters of recommendation, has always been to have respect for the Native Americans with whom he did business and whose crafts he purchased, and to have respect for their religion and culture.  The last thing he would ever want is to be disrespectful, or even to be perceived as acting in a way less than fully respectful, of their culture or religion.  Therefore, in the cases where officials indicated that they desired the return of certain items, Mr. Cavaliere willingly relinquishes his ownership and will not be compensated for items he purchased. This is a circumstance not contemplated by the guidelines, and is a basis for a one-level downward departure.

4. Combination of reasons

The Court can depart downward based on a combination of factors.  United States v. Tsosie, 14 F.3d 1438 (10th Cir. 1994)(departure from 41-51 months to 4 month sentence).  For the reasons stated above, separately and in combination, Mr. Cavaliere requests only a one-level downward departure, to level 8, for a guideline range of 0-6 months.

D. LETTERS OF RECOMMENDATION

Many persons have written letters of recommendation concerning Mr. Cavaliere.  The following letters are attached as Defendant's Exhibit B:
- Susan Swift, The Spanish & Indian Trading Company
- Jan Duggan, The Spanish & Indian Trading Company
- Reggie and Kay Sawyer, Hanging Tree Gallery
- Bettie Mintz, All of Us Americans Folk Art
- David Conrey
- Albert Niblack, a former employer who has known Mr. Cavaliere for 25 years

6

- Charles Arnold
- Ron Slowinski, professor at the Kansas City Art Institute
- Christopher Selser, President of Antique Tribal Art Dealers Association
- Robert V. Gallegos, expert in early New Mexico and Native American art
- Andrea Fisher, Andrea Fisher Fine Pottery, professional dealer in pottery
- Ryan P. Wilson, Navajo friend
- Steve Elmore, Steve Elmore Indian Art
- Sheriff William P. Cavaliere of Hidalgo County, brother to Thomas Cavaliere
- Michael Smith, Antique Indian Art
- Clarence Vigil, Art and Treasures
- Leslie Ivers

For these reasons, and the combination of these reasons, Thomas Cavaliere respectfully asks the Court to depart downward to a level 8, with 0 to 6 month guidelines, and to impose a sentence of a term of probation.

Respectfully submitted,

Tova Indritz
Attorney at Law
715 Tijeras Avenue, NW
Albuquerque, NM 87102
Telephone (505) 242-4003

## Certificate of Service

I hereby certify that a copy of this pleading was mailed to Mary Kay McCulloch, Assistant U.S. Attorney, P. O. Box 607, Albuquerque, NM 87103, and to USPO Ron Travers, U.S. Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, this 5th day of December, 2002.

Tova Indritz

**THE EXHIBITS ATTACHED TO
THIS PLEADING ARE TOO
VOLUMINOUS TO SCAN.  SAID
EXHIBITS ARE ATTACHED TO THE
ORIGINAL PLEADING IN THE CASE
FILE WHICH IS LOCATED IN THE
RECORDS DEPARTMENT, U.S.
DISTRICT COURT CLERK'S
OFFICE...**