# United States District Court
## District of New Mexico

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| THOMAS CAVALIERE | |

(For Offenses Committed On or After November 1, 1987)

Case Number: **1:02CR01386-001WPJ**

Defense Attorney: **Tova Indritz (Retained)**

THE DEFENDANT:

[X] pleaded guilty to count(s) **1 - 8 of Information**
[ ] pleaded nolo contendere to count(s) which was accepted by the court.
[ ] was found guilty on count(s) after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 25 USC 3001(3)(C) & (D), 3002(c) | Native American Graves Protection and Repatriation Act, 18 USC 1170 | 01/14/00 | 1 |
| 25 USC 3001(3)(C) & (D), and 3002(c) | Native American Graves Protection and Repatriation Act, 18 USC 1170 | 06/02/99 | 2 |
| 25 USC 3001(3)(C) & (D), and 3002(c) | Native American Graves Protection and Repatriation Act, 18 USC 1170 | 07/09/99 | 3 |

The defendant is sentenced as provided in pages 1 through **3** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____
[ ] Count(s) _____ dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: **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**
Defendant's Date of Birth: **06/10/54**
Defendant's USM No.: **Not Assigned**
Defendant's Residence Address:
**123-1/2 West San Mateo Road**
**Santa Fe, NM 87502**

**01/02/03**
Date of Imposition of Judgment

**/s/ Honorable William Paul Johnson**
**United States District Judge**
Signature of Judicial Officer

**Honorable William Paul Johnson**
**United States District Judge**
Name & Title of Judicial Officer

**01/22/03**
Date

Defendant's Mailing Address (if different from residence):

RT:ed

DEFENDANT: **THOMAS CAVALIERE**
CASE NUMBER: **1:02CR01386-001WPJ**

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 25 USC 3001(3)(C) & (D), 3002(c) | Native American Graves Protection and Repatriation Act, 18 USC 1170 | 10/28/99 | 4 |
| 16 USC 703 & 16 USC 707(b)(2) | Migratory Bird Treaty Act | 10/28/99 | 5 |
| 16 USC 703 & 16 USC 707(b)(2) | Migratory Bird Treaty Act | 10/29/99 | 6 |
| 16 USC 703 & 16 USC 707(b)(2) | Migratory Bird Treaty Act | 11/30/99 | 7, 8 |

DEFENDANT: **THOMAS CAVALIERE**

CASE NUMBER: **1:02CR01386-001WPJ**

Judgment - Page 2 of 3

# PROBATION

The defendant shall be placed on probation for a term of **3 years**

**This term is imposed as to each of Counts 1 - 8; said terms shall run concurrently.**

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the courts determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation Officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer,
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **THOMAS CAVALIERE**

CASE NUMBER: **1:02CR01386-001WPJ**

Judgment - Page 2.1 of 3

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall be placed on home confinement for a period of four (4) months under the electronic monitoring program. The defendant may be required to pay a portion or all costs of such program.**

**The defendant shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and another business financial information in which he has control or interest.**

**The defendant shall not have contact with his co-conspirator Joshua Baer during the period of supervised release.**

**Although the defendant has not been ordered to participate in substance abuse treatment, the Court permits the probation officer the option to administer random drug testing if it is determined by the probation officer that such testing is needed.**

DEFENDANT: **THOMAS CAVALIERE**  
CASE NUMBER: **1:02CR01386-001WPJ**

Judgment - Page 3 of 3

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐ Remitted

|        | Assessment | Fine | Restitution |
|--------|------------|------|-------------|
| Totals: | $ **500.00** | $ **1,000.00** | $ |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☒ in full immediately; or

B ☐ $ _____ immediately, balance due (see special instructions regarding payment of criminal monetary penalties):

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

**Special instructions regarding the payment of criminal monetary penalties:**

**Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U. S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**A special assessment of $25.00 is imposed as to each of Counts 1, 2, 3 and 4; a special sssessment of $100.00 is imposed, as to each of Counts 5, 6, 7 and 8, for a total assessment of $500.00.**

**The defendant shall pay a fine in the amount of $1,000.00.**

**The defendant shall forfeit to the Government all items from which a basis for the counts of conviction were charged, as well as all items seized from the defendant during a warranted search of his residence in January 2000, shall be repatriated to the rightful Native American tribal owners where requested by the tribes and otherwise appropriate.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.